# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ECKERT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FOODS, PROLOGIS, L.P., JOHN DOES 1-100 (FICTITIOUS NAMES), A.B.C. CORPORATIONS 1-100 (FICTITOUS ENTITIES)<br><br>Defendants. | Civil Action No.:<br>2:20-cv-18177-WJM-MF<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on (1) the motion of Defendant U.S. Foods, Inc., i/p/a U.S. Foods ("USF" or "Defendant") to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), ECF No. 4; and (2) Plaintiff David Eckert's ("Plaintiff") motion for leave to amend the complaint pursuant to FRCP 15, ECF No. 8. For the reasons set forth below, Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED**.

## I.     BACKGROUND

### A. Factual Background[1]

At all relevant times, Plaintiff was an employee of USF who worked at Defendant's facility located in Perth Amboy, New Jersey. Compl. at ¶ 11, ECF No. 1. On or about March 25, 2019, during the ordinary course of Plaintiff's employment, Plaintiff sustained injuries after slipping and falling on an oily substance that was on the floor of Defendant's facility. *Id.*

### B. Procedural History

Plaintiff initially filed this action in the Superior Court of New Jersey, Law Division for Middlesex County on September 1, 2020. The one-count Complaint alleges that Defendant negligently and carelessly allowed an oily substance to accumulate on the floor, creating an unreasonably dangerous condition for others, including Plaintiff, and that Plaintiff suffered serious injuries as a result of his fall. *Id.* 11-12.

---

[1] Unless otherwise indicated, all facts in this section are taken from the Complaint, and, for purposes of this Opinion, assumed to be true.

On December 4, 2020, Defendant removed the action to this Court on the basis of the Court's diversity jurisdiction. Shortly thereafter, on December 28, 2020, Defendant filed its motion to dismiss the Complaint. Plaintiff opposed Defendant's motion and briefing was completed on January 22, 2021.

On January 29, 2021, a week after briefing on Defendant's motion to dismiss was completed, Plaintiff filed its motion seeking leave to file an amended complaint (the "Proposed Amended Complaint" or "PAC"). Defendant opposed Plaintiff's motion in a letter sent to the Court and filed on the docket, arguing that Plaintiff's request is both futile and prejudicial against Defendant in light of the status of the motion to dismiss briefing. Letter in Opp'n to Leave to Amend, at 2-3, ECF No. 9. Plaintiff did not file any response in support of its motion seeking leave to amend.

## II. LEGAL STANDARD

FRCP 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under FRCP 12(b)(6), "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. DISCUSSION

Before the Court are two essentially competing motions. The Court will address each motion in turn, beginning with Defendant's motion to dismiss the Complaint.

### A. Motion to Dismiss for Failure to State a Claim

In moving to dismiss the Complaint, Defendant argues that Plaintiff's claim is foreclosed by the exclusive remedy provided by New Jersey Workers' Compensation Act, N.J.S.A. § 34:15-8 (the "WCA"). Plaintiff responds that the Complaint alleges sufficient facts to state a claim under the "intentional wrong" exception to the WCA, and that Plaintiff's claim should therefore not be dismissed. The Court agrees with Defendant.

The WCA provides, in relevant part:

> If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injury or killed, except for intentional wrong.

N.J.S.A. § 34:15-8. Generally speaking, the WCA provides the exclusive remedy for employees with claims against their employers for injuries sustained in the workplace, including negligence claims. *Fermaintt ex rel. Estate of Lawlor v. McWane, Inc.*, 694 F. Supp. 2d 339, 344 (D.N.J. 2010) ("Generally when injuries or death occur in the workplace, the exclusive and sole remedy for employees and their legal representatives is the Workmen Compensation System."); *Hamza v. United Cont'l Holdings, LLC*, No. 19-8971 (FLW) (TJB), 2020 WL 5757807, at *4 (D.N.J. Sept. 28, 2020) ("In other words, the Workers' Compensation Act bars an action in negligence brought by an employee against an employer."). The exclusive remedy provision of the WCA is essential to the broader Workmen Compensation system, which creates a "trade-off whereby employees relinquish[ ] their right to pursue common-law remedies in exchange for automatic entitlement to certain, but reduced, benefits whenever they suffer[ ] injuries by accident arising out of and in the course of employment." *Millison v. E.I. du Pont de Nemours & Co.*, 101 N.J. 161, 174 (1985).

Importantly, however, the New Jersey legislature created certain exceptions to the WCA's exclusive remedy provision, including an exception allowing employees to bring claims against their employers where the act or omission causing injury to the employee was an "intentional wrong." N.J.S.A. 34:15-8; *Marmone v. Gerdau*, No. 3:20-cv-02903-BRM-LHG, 2021 WL 791848, at *4 (D.N.J. Feb. 26, 2021). "[T]he 'intentional wrong' exception is interpreted narrowly to allow 'as many work-related disability claims as possible be processed exclusively within the [Workers' Compensation] Act.'" *Birch v. Wal-Mart Stores, Inc.*, No. 15-1296 (CCC-JBC), 2015 WL 8490938, at *3 (D.N.J. Dec. 9, 2015) (quoting *Millison*, 101 N.J. at 177) (alterations in original). In order for a claim to fall within the narrow intentional wrong exception, a plaintiff must establish that (1) the employer knew that its actions were "substantially certain to result in injury or death to the employee"; and (2) "the resulting injury and the circumstances of its infliction on the worker [were] (a) more than a fact of life of industrial employment and (b) plainly beyond anything the Legislature intended the Workers' Compensation Act to immunize." *Laidlow v. Hariton Machinery Co.*, 170 N.J. 602, 617 (2002); *Hamza*, 2020 WL 5757807, at *4.

Plaintiff has failed to allege sufficient facts in his Complaint to satisfy this "formidable standard." *See Birch*, 2015 WL 8490938, at *4. At the outset, although Plaintiff attempts to characterize his claim as within the "intentional wrong" exception, the allegations in the Complaint speak exclusively in terms of negligence and recklessness. *See, e.g.*, Compl. ¶ 11 (alleging Plaintiff "was caused to slip and fall on an oily substance that was carelessly and negligently allowed to accumulate on the floor"); *id.* at ¶ 15 (alleging that "Defendants by and through themselves, their agents, servants and employees were careless, reckless and negligent"); *id.* at ¶ 16 ("The aforesaid conditions then and there existing on said premises occurred as direct and proximate result of the negligence

3

and carelessness by the Defendants."). These are precisely the kinds of allegations and claims barred by the WCA, and it "would be contrary to the very definition of 'negligence' to categorize a negligence claim within the 'intentional wrong' exception to the [WCA]." *Birch*, 2015 WL 8490938, at *4; *Hamza*, 2020 WL 5757807, at *4.

Nonetheless, the Court has considered Plaintiff's allegations in the context of the "intentional wrong" exception to the WCA and finds that they are insufficient to state a plausible claim for relief. First, Plaintiff has not alleged that Defendant's conduct was intentional. "The mere knowledge and appreciation of a risk – something short of substantial certainty – is not intent." *Millison*, 101 N.J. at 177 (quotations omitted). Rather, Plaintiff must plead facts showing that Defendant knew that there was a "virtual certainty" that injury or death would occur as a result of its conduct. *Id.* at 178. Though Plaintiff has alleged that Defendant had a duty to operate its facility in a reasonably safe manner and that the oily substance was a dangerous condition that was allowed to remain on the floor, these allegations, "without any allegations of a deliberate intent to injure or with knowledge that this act was substantially certain to lead to injury, is not enough to escape the exclusivity provision of the WCA." *Shorter v. Quality Carrier*, No. 14-4906 (RBK/JS), 2014 WL 7177330, at *3 (D.N.J. Dec. 16, 2014). Because Plaintiff has failed to allege either that Defendant's conduct was intentional or that the risk of injury as a result of Defendant's conduct was substantially certain, his claim does not fall within the "intentional wrong" exception to the WCA.

Second, Plaintiff has failed to allege facts that would support finding that the context surrounding Defendant's conduct and Plaintiff's resulting injury was either more than a fact of life of his employment or plainly beyond the intended scope of the WCA. The New Jersey Supreme Court has clarified that the WCA differentiates between "dangers present in the workplace itself" and the employer's "intentional deception." *Van Dunk v. Reckson Assoc's Realty Corp.*, 210 N.J. 449, 474 (2012). While the latter would fall within the "intentional wrong" exception, the former does not. *Marmone*, 2021 WL 791848, at *3. Here, Plaintiff's injuries are certainly unfortunate but there is no indication that they were the result of any intentional deception or any other intentional conduct by Defendant. Accordingly, Plaintiff's claim is barred by the WCA.

### B.   Leave to Amend

After briefing on Defendant's motion to dismiss was complete, Plaintiff sought leave to amend his Complaint. As noted, Defendant opposed Plaintiff's motion, arguing that his delay in seeking leave to amend until after briefing on the motion to dismiss was complete was unduly prejudicial and that amendment would be futile. The Court again agrees with Defendant.

Under FRCP 15(a), a party may amend its own pleading once as a matter of right within twenty-one (21) days of serving such pleading or twenty-one (21) days of service of a responsive pleading or motion under FRCP 12(b), (c), or (f). Fed. R. Civ. P. 15(a). Once the time for such amendment has lapsed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. (15(a)(2).

4

Although leave to amend should be freely given "where justice so requires," *id.*, such leave may be denied where the proposed amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

The Proposed Amended Complaint primarily makes three basic changes to the Complaint. First, it adds some variation of the word "intentionally" or the phrase "intentional wrong" to two paragraphs. PAC, Mot. for Leave to Amend, Ex. B, at ¶¶ 11, 19. Second, it adds two new paragraphs alleging that defendants had a duty to ensure safety at the facility, created a "dangerous condition or unsafe workplace situation and/or substantial certainty of injury" or "are otherwise liable to plaintiff under common law and/or statutory negligence and/or work site safety laws and/or for failure to provide safe access to the work site locations and a safe working environment," and failed to supervise maintenance of, or inspect, the premises despite knowing that these failures were "substantially certain to result in injury to the plaintiff." *Id.* at ¶¶ 17-18. Finally, the PAC adds a second count alleging that even if certain defendants do not have legal liability, they should remain defendants in this action because they have exclusive control over certain documents and evidence. Mot. for Leave to Amend, Ex. B, at 8.

These additional allegations do not cure the deficiencies of the Complaint. First, although Plaintiff has added the word "intentionally" and the phrases "intentional wrong" and "substantial certainty" to a few paragraphs, the substance of the allegations and the underlying facts remain identical. Plaintiff has not alleged any additional facts that would establish that Defendant intentionally deceived or injured Plaintiff, or otherwise intentionally created the conditions under which Plaintiff was injured. Nor are there any plausible allegations that Defendant knew about the oily substance on the floor or that Defendant knew that its presence was substantially certain to result in Plaintiff's injury. The word "intentionally" and the phrase "substantially certain" are legal conclusions and "threadbare recitals" of the elements of the "intentional wrong" exception, the inclusion of which cannot transform Plaintiff's otherwise deficient allegations into a viable claim for relief. *Shorter*, 2014 WL 7177330, at *3.

Second, Plaintiff's proposed second count is not itself a claim for relief. Rather, Plaintiff appears to request that the Court order Defendant to remain in the case as a defendant solely because it has possession of documents that might be discoverable. In the absence of a plausible claim for relief against Defendant, however, there is no basis upon which to force Defendant to continue to litigate this case as a defendant.

Accordingly, the Court finds that amendment of the Complaint would be futile, and Plaintiff's motion for leave to amend is therefore denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED**. Plaintiff's motion for leave to amend is **DENIED**. An appropriate order follows.

_____
WILLIAM J. MARTINI, U.S.D.J.

**Date: March 16, 2021**